UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Jonathan Williams, | ) | **C/A:** 1:10-1107-MBS-JRM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| Pepperidge Farm, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Jonathan Williams is a former employee of defendant Pepperidge Farm, Inc. He complains that he was wrongfully terminated May 21, 2009. However, Plaintiff's case does not fall under Title VII[1] or any other statute that poses a federal question, and Plaintiff does not allege diversity jurisdiction. Therefore, this case is subject to summary dismissal for lack of subject matter jurisdiction.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of

---

[1] Title VII makes an employment practice that discriminates based on an individual's "race, color, religion, sex, or national origin" unlawful. 42 U.S.C. § 2000e-2(a). Plaintiff has not pled any such discrimination.

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Discussion

This case should be summarily dismissed because the Court lacks jurisdiction. In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."

2

*In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), 528 U.S. 1155 (2000) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

A plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). *See also Dracos v. Hellenic Lines, Ltd.,* 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Fed. R. Civ. P. 8(a)(1) requires that a complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley* at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

The instant complaint provides no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

The claims pose no federal question; thus, they cannot serve as the basis for federal jurisdiction. Plaintiff alleges that he was terminated following two incidents. In the first, he was disciplined for failing to "clock out" when he left the building, and was suspended from work for three days, which he claims is a punishment in excess of the company's policy. Complaint at 3. In the second, Plaintiff was accused of lying about running a forklift into a safety pole. Complaint at 4. He has not alleged discrimination or made any other allegation that would raise a federal question.

Perhaps, if Plaintiff was a contract employee, his complaint could be liberally construed as a breach of contract case, which would sound in state law. However, federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no cognizable federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims, if any. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

A civil action for any state claims would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Plaintiff is a citizen of the state of South Carolina. Plaintiff has not alleged that

4

defendant Pepperidge Farm, Inc. is a "citizen" of another state.[2] Even if the parties are diverse, however, the complaint does not allege an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). The complaint states no dollar amount, asking for relief to "receive back pay from the time I was terminated." Complaint at 7. Reference to Plaintiff's Form AO-240 (Application to Proceed Without Prepayment of Fees and Affidavit) shows that Plaintiff was paid six hundred twenty dollars ($620.00) weekly, or approximately thirty-two thousand, two-hundred forty dollars ($32,240.00) a year. As less than a year has passed since Plaintiff was terminated, under the most liberal construction Plaintiff is demanding an amount in controversy of far less than seventy-five thousand dollars ($75,000.00). As Plaintiff has not presented this Court with a basis for subject matter jurisdiction, his complaint should be dismissed.

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in this case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page**.

Joseph R. McCrorey
United States Magistrate Judge

May 24, 2010
Columbia, SC

---

[2] While Plaintiff has not pled such, it appears that Pepperidge Farm is a corporation of, and has its principle place of business in, the state of Connecticut. *See Nabisco, Inc. v. PF Brands, Inc.*, 50 F.Supp.2d 188, 194 (S.D.N.Y. 1999).

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).