IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jonathan Williams, | ) | |
| | ) | C/A No. 1:10-CV-1107-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Pepperidge Farm Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

Plaintiff Jonathan Williams ("Plaintiff") filed the within action on May 3, 2010, alleging that

he was wrongfully terminated by Defendant Pepperidge Farm Inc. ("Pepperidge Farm"). See Compl.

3, ECF No. 1. This matter is before the court on Magistrate Judge Joseph R. McCrorey's Report and

Recommendation ("R&R"), which recommends that Plaintiff's Complaint be summarily dismissed

for lack of jurisdiction. See ECF No. 8.

Plaintiff brought this action, pro se, pursuant to the procedural provisions of 28 U.S.C. §

1915, by which an indigent litigant may commence an action in federal court without paying the

administrative costs of proceeding with the lawsuit. In his "Statement of Claim," Plaintiff alleges

that Pepperidge Farm wrongfully terminated him based on the following incidents. First, on

February 4, 2009, plant manager Kevin Casto accused Plaintiff of leaving the plant without clocking

out. Compl. 3, ECF No. 1. Plaintiff was suspended for three days as a result.[1] Next, Plaintiff claims

that, on May 12, 2009, his supervisor instructed him to operate a forklift, despite the fact that this

---

[1]     Plaintiff further alleges that this suspension violated Pepperidge Farm's policies,
        under which Plaintiff claims he should have simply suffered a reduction of
        "points" for leaving the plant without clocking out, rather than a suspension.
        Compl. 3, ECF No. 1.

1

same supervisor was aware that Plaintiff "[did not] have proper forklift training, a forklift license or hadn't received the proper procedure for reporting forklift accidents." Id. at 3–4. While operating the forklift, Plaintiff backed up into a safety pole. Plaintiff reported the incident to an employee in the maintenance department who, in turn, told Plaintiff that he was later reprimanded for failing to report it to someone else. Id. at 4. Finally, Plaintiff claims that his supervisor accused him of lying when the supervisor asked him if he had hit the pole. Plaintiff contends that this was a miscommunication: he misheard his supervisor as asking him whether "the . . . bowl was cold," not if he had "hit the pole," and that is why he answered "no." Id. at 4–5. Plaintiff requests that the court order that he "be reinstated in my same position as head mixer and also receive back pay from the time I was terminated." Id. at 5.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge McCrorey for pre-trial handling. On May 24, 2010 the Magistrate Judge issued an R&R recommending that Plaintiff's Complaint be summarily dismissed sua sponte for lack of jurisdiction, without prejudice and without issuance and service of process. See ECF No. 8. After carefully examining the Complaint, the Magistrate Judge was unable to identify a basis for federal subject matter jurisdiction under either federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

On June 7, 2010, Plaintiff filed objections to the R&R arguing that the court has subject matter jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 e-2, which prohibits discrimination based on gender.  See Pl.'s Objections, ECF No. 11.  In his objections, Plaintiff alleges, for the first time, that by his termination he was treated differently than a female employee in the same department who was involved in a forklift accident that broke a water pipe a few weeks before Plaintiff's accident.  See id.  Plaintiff claims that this female employee reported her accident to maintenance employees, the resulting broken water pipe was fixed, and she still works at the Pepperidge Farm plant.  Plaintiff claims that he was terminated for essentially the same conduct.  Id.

In the employee discipline context, a plaintiff establishes a prima facie case of gender discrimination in violation of Title VII by pleading facts that, if proved, would show "(1) that plaintiff engaged in prohibited conduct similar to that of a person of another race, color, sex, religion, or national origin, and (2) that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person."  Lightner v. City of Wilmington, 545 F.3d 260, 264–65 (4th Cir. 2008) (quoting Moore v. City of Charlotte, 754 F.2d 1100, 1005–06 (4th Cir. 1985)).

//

//

//

//

//

Because Plaintiff is proceeding <u>pro se</u> and is, therefore, entitled to a liberal construction of his documents, the court will **construe** Plaintiff's objections as a Motion to Amend the Complaint. The Clerk is **directed** to docket it as such and the case is **recommitted** to the Magistrate Judge for further proceedings.

IT IS ORDERED.

<u>/s/ Margaret B. Seymour</u>
United States District Judge

October 26, 2010
Columbia, South Carolina